### BUSSEL v. SAGOR.

(City Court of New York, General Term. March 29, 1899.)

STATUTE OF FRAUDS—LIABILITY FOR DEBT OF THIRD PERSON.

In an action for goods sold to a third person, there can be no recovery against defendant where the goods were not charged to him on plaintiff's books.

Appeal from trial term.

Action by one Bussel against one Sagor. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and McCARTHY and HASCALL, JJ.

M. D. Steuer, for appellant.

E. I. Yuells, for respondent.

HASCALL, J. This appeal brings up for review a judgment entered upon a verdict and an order denying a motion for a new trial. Plaintiff brought his action against the defendant to recover for the alleged value of goods and material sold, furnished, and delivered to a friend of defendant, upon his (defendant's) request, and had a verdict for the sum of $118.82. We think the judgment and the order appealed from should be reversed. There is no evidence to support the verdict, except as to the sum $35, and as to the rest the verdict is against the weight of evidence. The only possible recovery justified under the evidence would be the sum of $35, and the right to have even that being denied by defendant, and plaintiff not having charged to Sagor the goods furnished to Cooper, the transaction was not taken out of the control of the statute of frauds, and was void. If this were not so, and the statute did not apply, still the verdict was against, or not supported by, the weight of evidence, and would have to be set aside. Manufacturing Co. v. Yorkston, 11 Misc. Rep. 340, 32 N. Y. Supp. 263; Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342; Hudson v. Railroad Co., 145 N. Y. 408, 40 N. E. 8.

Judgment and order appealed from reversed, and new trial ordered, with costs to appellant to abide the event. All concur.